UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY YAX,

        Petitioner,

                                Case No. 10-12053
v.                            Honorable David M. Lawson

LINDA TRIBELY,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Timothy Yax, presently confined at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his conviction of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520(b), and sentence of nine to fifty years in prison, following his plea of guilty. The petitioner contests the state court's personal and subject-matter jurisdiction, arguing that the statute under which he was convicted was not validly enacted, the criminal complaint itself was deficient, and his trial counsel was ineffective for failing to challenge the constitutionality of Michigan's criminal sexual conduct statute. The petitioner also has applied to proceed *in forma pauperis*. The Court will dismiss this petition because the petitioner's papers plainly demonstrate that he is not entitled to relief. *See* Rule 4, Rules Governing § 2254 Cases.

I.

On June 23, 2006, the petitioner pleaded guilty to first-degree criminal sexual conduct in the Macomb County, Michigan circuit court. In exchange for his plea, the prosecutor agreed to dismiss additional charges and the parties agreed to a sentence at the low end of the sentencing guideline

range. On July 25, 2006, the petitioner was sentenced to 108 to 600 months in custody, in accordance with the plea agreement. His conviction and sentence were affirmed on appeal. *People v. Yax*, No. 276861, slip op. (Mich. Ct. App. May 9, 2007); *People v. Yax*, 480 Mich. 892, 738 N.W.2d 749 (2007).

The petitioner now seeks a writ of habeas corpus, arguing that the prosecutor, the Michigan courts, and the Michigan Department of Corrections lacked personal and subject matter jurisdiction over him because the Michigan senate violated the Michigan constitution when they enacted Michigan's current criminal sexual conduct statue. The petitioner also argues that the state court and law enforcement system lacked jurisdiction to arrest and file a complaint against him. Finally, he also alleges in the body of his petition that his trial counsel was ineffective for failing to challenge the constitutionality of the criminal sexual conduct statute in the trial court.

II.

When a habeas petition is filed, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Ibid.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face"). A federal district court may dismiss summarily a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999);

Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary where the petition is frivolous, obviously lacks merit, or the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court finds that the petitioner has failed to state a claim upon which federal habeas relief may be granted. Therefore, the Court will dismiss the petition.

The Court first notes that the petitioner's claims appear to be barred by the one-year statute of limitations applicable to federal habeas actions. The petitioner was convicted in 2006, the Michigan Supreme Court denied his application for leave to appeal on September 24, 2007, and the petitioner did not file the present petition until May 21, 2010. *See* 28 U.S.C. § 2244(d). The petitioner has presented no arguments for statutory or equitable tolling of the one-year period.

The petitioner alleges that the state courts and the Michigan Department of Corrections lacked personal and subject-matter jurisdiction over him with respect to his criminal sexual conduct conviction, because the Michigan senate passed the criminal sexual conduct statute in violation of the Michigan constitution. The petitioner also argues that the State lacked jurisdiction because the criminal complaint was defective in that it was based solely upon a verbal accusation without factual truth or physical evidence to support the allegations. In other words, the petitioner argues that the state legislature violated state law when enacting the criminal sexual misconduct statute in 1974.

It is well established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis

of a perceived error of state law."). The petitioner's claim that the Michigan courts lacked jurisdiction over his criminal case raises an issue of state law and therefore is not cognizable in federal habeas review. *See Samel v. Jabe*, 918 F.2d 958 (6th Cir. 1990); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Taylor v. Lecureux*, 54 F.3d 777 (6th Cir. 1995); *Lane v. Booker*, No. 06-10328, 2006 WL 288071, at *1 (E.D. Mich. Feb. 6, 2006). A habeas petitioner is not entitled to habeas relief based upon an alleged violation of the Michigan constitution. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Federal due process does not require state officials to follow their own procedural statutes and rules. *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994). In any event, under Michigan law, the state court does not lose jurisdiction over a criminal case merely because the criminal complaint was somehow defective. *People v. Payne*, No. 219727, 2000 WL 33400212, at *3 (Mich. Ct. App. Nov. 28, 2000) (citing *People v. Burrill*, 391 Mich. 124, 133, 214 N.W.2d 823 (1974)).

In addition, it is settled law that a valid guilty plea in a criminal proceeding generally forecloses claims arising from the alleged deprivation of constitutional rights occurring before the entry of the plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. A defendant who pleads guilty generally waives any non-jurisdictional claims that arose before his plea. *See United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001);

*Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002). In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary, an argument that the petitioner has not raised in his habeas corpus petition. *See Broce*, 488 U.S. at 569. Under Michigan law, a plea to the information waives any challenge to irregularities in the complaint. *United States ex rel. Penachio v. Kropp*, 448 F.2d 110, 111 (6th Cir. 1971). Because the petitioner pleaded guilty to the charge without ever challenging the deficiencies with the criminal complaint, he is precluded from obtaining habeas relief on this issue.

Finally, to the extent that the petitioner contends that his trial counsel was ineffective for failing to challenge the constitutionality of the criminal sexual conduct statute, this claim also does not entitle him to habeas relief. To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

The petitioner's challenge to the Michigan criminal sexual conduct statutes has been rejected consistently by the Michigan Court of Appeals. *See People v. Taylor*, 185 Mich. App. 1, 10, 460 N.W.2d 582 (1990); *People v. Krauss*, 156 Mich. App. 514, 516, 402 N.W.2d 49 (1986); *People v. Clopton*, 117 Mich. App. 673, 676-77, 324 N.W.2d 128 (1982). Trial counsel's failure to challenge the statute did not constitute ineffective assistance, because that argument would have been futile. A lawyer does not perform deficiently if he or she fails to advance a meritless argument. *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to

forecast changes or advances in the law, or to press meritless arguments before a court."); *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ( "[F]ailure to raise a meritless legal argument does not constitute ineffective assistance of counsel."); *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) (stating that attorney's failure to raise meritless legal argument does not constitute ineffective assistance); *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

<div style="text-align:center">III.</div>

It plainly appears from the face of the petition that the petitioner is not in custody in violation of the Constitution or laws of the United States. Therefore, the Court will dismiss the petition summarily.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt. #1] is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the application to proceed *in forma pauperis* [dkt. #1] is **DENIED as moot**.

<div style="margin-left:50%">
s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge
</div>

Dated: February 3, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 3, 2011.

<div style="margin-left:50%">
s/Deborah R. Tofil<br>
DEBORAH R. TOFIL
</div>